Evan Livingstone (SBN 252008)
LAW OFFICE OF EVAN LIVINGSTONE
740 4th St, Ste 215
Santa Rosa, CA 95404
Phone (707) 206-6570
Fax   (707) 676-9112
Email: evanmlivingstone@gmail.com

Attorney for Debtor Virginia Reyes

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>VIRGINIA REYES<br><br>    Debtor | Case No.    2−11858−B−7<br>DCN:        EML-3<br>Chapter     7<br>**MOTION TO REDEEM PERSONAL PROPERTY UNDER 11 U.S.C. § 722**<br><br>Date:        October 14, 2020<br>Time:       1:30 PM<br>Judge:      Hon. René Lastretto II<br>Place:      2500 Tulare St, Ctrm 13, 5th Fl.<br>              Fresno, CA 93721 |

**TO SECURED CREDITOR ONEMAIN FINANCIAL GROUP, LLC, THE CHAPTER 7 TRUSTEE, THE UNITED STATES TRUSTEE, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:**

       At the above date, time and place, Debtor Virginia Reyes will move the Court for an Order allowing Debtor to redeem personal property pursuant to 11 U.S.C. § 722 and Bankruptcy Rule 6008 from Respondent OneMain Financial Group, LLC.

                         I. PROCEDURAL REQUIREMENTS UNDER 11 U.S.C. § 722

       1. Pursuant to 11 U.S.C. § 722, a debtor may "redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of the title or has been abandoned under section 554 of the title." 11 U.S.C. §722.

       2. The personal property that Movant seeks to redeem is a vehicle that is more particularly described as follows:

MOTION TO REDEEM PERSONAL PROPERTY UNDER 11 U.S.C. § 722 – Page 1

a. Year: 2002
b. Make: Toyota
c. Model: Camry
d. VIN: 4T1BF30K42U009513

3. Movant's 2002 Toyota Camry ("Vehicle") may be redeemed under 11 U.S.C. §722 because it is tangible personal property intended primarily for personal, family or household use.

4. As of May 29, 2020, the date of bankruptcy case filing, the Vehicle is subject to a single lien from OneMain Financial Group, LLC ("Respondent") for $9,669.97.

5. Movant's interest in the Vehicle is exempt or has been abandoned by the estate.

6. Movant scheduled the Vehicle as an asset and exempted the Vehicle pursuant to 11 U.S.C. § 522.

## II. VALUATION STANDARD

1. Pursuant to 11 U.S.C. § 722, a debtor may redeem personal property secured by a lien by paying such lienholder the amount of the allowed secured claim in a lump sum. An allowed secured claim "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. 506(a)(1).

2. 11 U.S.C. § 506(a)(2) defines the secured claim as the "price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined."

## III. DETERMINING "RETAIL VALUE"

1. Courts have relied upon industry guides such as Kelley Blue Book and Edmunds as the "appropriate starting point in determining retail value." *In re Morales*, 387 B.R. 36, 46 (Bankr. C.D. Cal. 2008); see also *In re Araujo*, 464 B.R. 15 (Bankr. N.D. Cal. 2011).

2. The Edmunds.com website provides retail valuations for used vehicles based on year, make, model, mileage, options and condition. Such valuations are admissible as "market quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations." Fed. R. Evid. 803(17).

3. As detailed in the attached declaration, Movant determined the retail value for the Vehicle from Edmunds.com ("Edmunds Valuation") based on its year, make, model, mileage,

options and condition, taking in the cost of needed repairs, the Edmunds Valuation is $901.08.

4. Based on the foregoing, Movant asserts that the retail value of the Vehicle for redemption purposes ("Redemption Value") is $901.08.

## IV. CONCLUSION

WHEREFORE, Movant requests that the Court enter an Order:

1. Granting this Motion; and

2. Setting the Redemption Value at $901.08.

3. Allowing Movant to cause the Redemption Value of $901.08 to be paid to Respondent OneMain Financial Group, LLC within 30 days of entry of the Order; and

4. Requiring Respondent OneMain Financial Group, LLC to release its lien of record and surrender title according to Movant's instructions within 14 days of receiving the Redemption Value.

Dated: September 5, 2020　　　　　　　　　　/s/Evan Livingstone
　　　　　　　　　　　　　　　　　　　　　Evan Livingstone
　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor

MOTION TO REDEEM PERSONAL PROPERTY UNDER 11 U.S.C. § 722 – Page 3